Case: 4:14-cv-01008-NCC   Doc. #:  1-3   Filed: 05/30/14   Page: 1 of 29 PageID #: 8



Search for Cases by: Select Search Method...

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print                                    Logon

**14SL-CC00976 - JEFFERSON BANK AND TST CO V OPEN SOLUTIONS INC ETA**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Sort Date Entries:**  ● Descending  ○ Ascending          **Display Options:** All Entries

| 05/27/2014 | **Order** |
|---|---|
| | DEFTS GRANTED ADD'L TIME TO RESPOND TO PETITION TO 7/2/14. JUDGE ROBERT COHEN |
| | |
| 05/21/2014 | **Corporation Served** |
| | Document ID - 14-SMOS-343; Served To - OPEN SOLUTIONS INC; Server - ; Served Date - 30-APR-14; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served |
| | **Agent Served** |
| | Document ID - 14-SMOS-344; Served To - OPEN SOLUTIONS LLC; Server - ; Served Date - 02-MAY-14; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served |
| | |
| 05/19/2014 | **Entry of Appearance Filed** |
| | **Filed By:** ROBERT FRANKLIN EPPERSON Jr |
| | **Motion for Extension of Time** |
| | |
| 05/14/2014 | **Notice** |
| | Copy of Notices Filed and Mailed This Day to the Parties of Record. |
| | **Dismissal Hearing Scheduled** |
| | **Scheduled For:** 06/18/2014;  12:00 AM ;  ROBERT S COHEN;  St Louis County |
| | |
| 04/11/2014 | **Summ Issd- Circ Pers Serv O/S** |
| | Document ID: 14-SMOS-345, for FISERV INC. MAILED TO ATTORNEY |
| | **Summ Issd- Circ Pers Serv O/S** |
| | Document ID: 14-SMOS-344, for OPEN SOLUTIONS LLC. MAILED TO ATTORNEY |
| | **Summ Issd- Circ Pers Serv O/S** |
| | Document ID: 14-SMOS-343, for OPEN SOLUTIONS INC. MAILED TO ATTORNEY |
| | |
| 03/26/2014 | **Pet Filed in Circuit Ct** |
| | **Confid Filing Info Sheet Filed** |
| | **Memorandum Filed** |
| | SERVICE INSTRUCTIONS |
| | **Judge Assigned** |
| | DIV 1 |

Case.net Version 5.13.4.8                    [Return to Top of Page](#)                    Released 03/05/2014



**CORPORATION SERVICE COMPANY®**

<div align="right">

**null / ALL**
**Transmittal Number: 12484550**
**Date Processed: 05/02/2014**

</div>

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Beth Krause<br>Fiserv, Inc.<br>255 Fiserv Drive<br>Brookfield, WI 53008-0979 |
| **Copy of transmittal only provided to:** | Suzanne Benevenga<br>Michael Gordan |

| | |
|---|---|
| **Entity:** | Open Solutions, LLC<br>Entity ID Number  0287035 |
| **Entity Served:** | Open Solutions LLC |
| **Title of Action:** | Jefferson Bank and Trust Company vs. Open Solutions, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | St. Louis County Circuit Court, Missouri |
| **Case/Reference No:** | 14SL-CC00976 |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 05/02/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | John A. Kilo<br>314-647-8910 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ROBERT S COHEN | Case Number:  14SL-CC00976 |
|---|---|
| Plaintiff/Petitioner:<br>JEFFERSON BANK AND TRUST COMPANY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN A. KILO<br>5840 OAKLAND AVE<br>ST LOUIS, MO  63110 |
| Defendant/Respondent:<br>OPEN SOLUTIONS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

 The State of Missouri to:  **OPEN SOLUTIONS LLC**
 **Alias:**

277 CENTERVILLE RD          SERVE: CORPORATION SERVICE
SUITE 400                           COMPANY
WILMINGTON, DE  19808

*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**11-APR-2014**
Date                                      _____
Further Information:                             Clerk
CNM

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                 Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
*(Seal)*                   ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                  (use for out-of-state officer)
                              ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____   ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

**Directions to Clerk**

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner's has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

---

**Directions to Officer Making Return on Service of Summons**

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

**IN SHERIFF'S HANDS**
NEW CASTLE COUNTY

2014 APR 25   AM 12: 49

STATE OF MISSOURI )
                    )   SS.
COUNTY OF ST. LOUIS )

## IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
## STATE OF MISSOURI

JEFFERSON BANK AND TRUST )
COMPANY, a Missouri Banking )
Corporation, )
                    )
       Plaintiff, )
                    )   Cause No.
vs. )
                    )   Division No.
OPEN SOLUTIONS, INC., )
a Delaware Corporation, )
                    )
SERVE: )
Corporation Service Company )
50 Weston Street )
Hartford, CT 06120-1537 )
                    )
and )
                    )
OPEN SOLUTIONS, LLC, )
a Delaware Limited Liability Company, )
                    )
SERVE: )
Corporation Service Company )
2711 Centerville Rd., Suite 400 )
Wilmington, DE 19808 )
                    )
and )
                    )
FISERV, INC., a Delaware Corporation )
                    )
SERVE: )
The Corporation Trust Company )
Corporation Trust Center )
1209 Orange Street )
Wilmington, DE 19801 )
                    )
       Defendants. )

14SL-CC00976

RECEIVED
CIRCUIT COURT
OF
ST. LOUIS COUNTY

2014 MAR 26 PM 3:35
JOAN M. GILMER
CIRCUIT CLERK

IN SHERIFF'S HANDS
NEW CASTLE COUNTY
2014 APR 25 AM 12:49

## PETITION

COMES NOW Plaintiff, JEFFERSON BANK AND TRUST COMPANY, and for its Petition against Defendants OPEN SOLUTIONS, INC., OPEN SOLUTIONS, LLC, and FISERV, INC., and each of them, states as follows:

1.      Plaintiff, JEFFERSON BANK AND TRUST COMPANY, is, and at all times pertinent hereto was, a banking corporation, organized under and existing by virtue of the laws of the State of Missouri, engaged generally in the banking business, with places of business located in the City and County of St. Louis, State of Missouri (hereinafter "Jefferson Bank").

2.      Defendant, OPEN SOLUTIONS, INC., is, and at all times pertinent hereto was, a corporation, organized under and existing by virtue of the laws of the State of Delaware, engaged generally in the business of providing data processing systems and services to the banking industry, with its principal place of business located in Glastonbury, Connecticut.  Defendant OPEN SOLUTIONS, INC., is hereinafter referred to as "OS INC.".

3.      Defendant, OPEN SOLUTIONS, LLC, is, and at all times pertinent hereto was, a limited liability company, organized under and existing by virtue of the laws of the State of Delaware, engaged generally in the business of providing data processing systems and services to the banking industry, with its principal place of business located in Glastonbury, Connecticut.   Defendant OPEN SOLUTIONS, LLC, is hereinafter referred to as "OS LLC".

4.     Defendant, FISERV, INC., is, and at all times pertinent hereto was, a corporation, duly organized under and existing by virtue of the laws of the State of Wisconsin, engaged generally in the business of providing data processing systems and services to the banking industry, with its principal place of business located in Brookfield, Wisconsin. Defendant FISERV, INC., is hereinafter referred to as "Fiserv".

5.     On information and belief, OS LLC and Fiserv are each, respectively, successors in interest to certain of the assets and liabilities of OS INC.  On further information and belief, OS INC is a viable operating company with a continuing ownership interest in its assets and continuing liability for its obligations.  Hereinafter, Defendants OS INC, OS LLC and Fiserv are collectively referred to as the "Defendant".

6.     On or about July 29, 1996, Defendant, as successor in interest to BISYS, INC., entered a Services Agreement with Jefferson Bank pursuant to which Defendant agreed to provide to Jefferson Bank in both the City of St. Louis and the County of St. Louis, Missouri, certain data processing systems and services, including, upon termination of the Services Agreement, certain deconversion services in the event Jefferson Bank elected to utilize the data processing services of an alternate vendor.  The said Services Agreement is hereinafter referred to as the "Agreement".

7.     Also on July 29, 1996, Defendant and Jefferson Bank entered into an Addendum to the Agreement which, among other things, clarified the amount and manner of calculation of the charges to be paid by Jefferson Bank for deconversion services.  (The Agreement and the Addendum are hereinafter collectively referred to as the "Agreement")  Specifically, paragraph 8.1 of the Addendum provides in pertinent part

3

as follows: "The charges shall be calculated as one hundred percent (100%) of one month's charges for Services provided under the Standard Services Price List, exclusive of discounts granted to Client under the terms of the Agreement, based on the average of the charges set forth on the Monthly Invoices during the twelve months prior to Client's Deconversion from the BISYS System." (hereinafter "Deconversion Charges")

8. On or about June 19, 2003, Jefferson Bank and Defendant entered an Extension Amendment to the Agreement, extending the term to May 10, 2009.

9. On or about November 30, 2008, Jefferson Bank and Defendant entered a Third Amendment to the Agreement, extending the term to May 31, 2012.

10. Paragraph 8.2 of the Addendum provides that in consideration of payment by Jefferson Bank of the Deconversion Charges, a deconversion package would include: one (1) set of test files of Client Files in standard BISYS format; two (2) sets of Client Files in standard BISYS format; one (1) full Trial Balance for each application (ML, IL, SV, CD, DDA, ELS); one (1) set of technical record layouts per application; up to ten (10) hours of telephone consultation support on BISYS System/file formats.

11. On or about November 1, 2011, Jefferson Bank provided written notice to Defendant of its intention to terminate the Agreement on May 17, 2012.

12. Concurrent with termination of the Agreement, Jefferson Bank intended to utilize the deconversion services Defendant was obligated to provide under the terms of the Agreement to disengage the electronic data processing systems and services of Defendant, and thereafter to engage a new vendor, namely, Jack Henry & Associates (hereinafter "Jack Henry"), and its data processing systems and services. The

4

deconversion from Defendant and the conversion to Jack Henry were planned for May 11, 2012, and Defendant knew that was the date planned for it to provide deconversion services.

13. Despite the fact that the Agreement, which was in full force and effect and provided for deconversion services, what they consisted of, and the charges for such services to be paid by Jefferson Bank, Defendant submitted to Jefferson Bank on or about April 16, 2012, a document titled "Deconversion and Termination Agreement" which was to be dated on a yet to be determined date in April, 2012, and included in an attachment, designated Exhibit A, a listing of the deconversion services to be provided and the charges to be assessed for such services (hereinafter "Substitute Agreement").

14. The deconversion services and data proposed to be provided by Defendant under the terms of the Substitute Agreement were fewer than those provided in the original Agreement, and the charges to be paid for such services and data, namely, $250,000.00, was substantially more than the charges to be paid by Jefferson Bank under the original Agreement.

15. The deconversion from the data processing systems and services of Defendant and conversion to the data processing systems and services of Jack Henry & Associates were planned to occur on May 11, 2012.

16. Because of the critical nature of the data processing systems to the operations of Jefferson Bank and accurate maintenance of its transaction and accounts data, it was critical to the ongoing operations of Jefferson Bank that the deconversion and conversion take place promptly as planned.

5

17.   Jefferson Bank advised Defendant that its proposed charges under the Substitute Agreement for the deconversion services had not been calculated in accordance with the terms of the Agreement, and that they were substantially higher than had been previously agreed upon under the Agreement, namely, approximately $60,000.00.

18.   Despite Jefferson Bank's repeated demand that Defendant perform the terms of the Agreement, Defendant informed Jefferson Bank that the charge for the deconversion services was to be $250,000.00, that it was not negotiable, and that it was required to be paid in advance, prior to Defendant performing any deconversion services.

19.   Under duress, having no alternative, and faced with the criticality of the timeliness of the deconversion from Defendant and conversion to Jack Henry to the ongoing operations of Jefferson Bank, Jefferson Bank executed the Substitute Agreement, and paid the inflated deconversion charges in advance, prior to Defendant performing any deconversion services.

20.   Defendant provided the deconversion services in the City and County of St. Louis, Missouri, the scope of which were in accordance with the Substitute Agreement rather than the expanded services required under the original Agreement.

21.   The original Agreement and Addendum, and the amendments thereto, were all made in the City of St. Louis, and Defendant transacted business in the City and County of St. Louis from and after the date of the Agreement by, including but not limited to, for a period of nearly 16 years, providing Jefferson Bank ongoing data processing systems and services in the City and County of St. Louis, including by means

6

of its own employees who were frequently in said City and County to provide such services; and by delivering monthly invoices to Jefferson Bank in the City of St. Louis which resulted in payments to Defendant by Jefferson Bank originating in the City of St. Louis.

## COUNT I

### (Breach of Contract)

22. Jefferson Bank here asserts and incorporates by reference as if fully set out its allegations in paragraphs 1 through 21 as and for this paragraph 22 of Count I.

23. Defendant failed and refused to perform all of the deconversion services required by it to be performed under the Agreement at the contract price provided in the Agreement, namely, approximately $60,000.00, thereby breaching the Agreement.

24. The Substitute Agreement is of no force or effect, not binding on the parties, unenforceable and constituted no contract at all, due to a lack of consideration in that Defendant's promise thereunder to carry out contractual duties already existing under the Agreement did not constitute consideration, and Jefferson Bank received nothing new relative to deconversion services and was relieved of no duty, thereby also resulting in a lack of consideration.

25. The Substitute Agreement is unenforceable because its execution by Jefferson Bank was procured under circumstances of economic duress, and Jefferson Bank had no alternative other than to execute the unenforceable Substitute Agreement and to pay the inflated deconversion charges in advance, prior to any deconversion services being performed by Defendant.

26. The Substitute Agreement is unenforceable because unconscionable in that Defendant misrepresented its necessity even though the terms of the then existing Agreement were in full force and effect and covered the nature and extent of deconversion services and the charges therefor; Jefferson Bank and Defendant were in positions of unequal bargaining power, and Defendant knew they were in such unequal positions, and unlawfully employed such inequality to its advantage by presenting the Substitute Agreement on a take-it-or-leave-it, no alternative, non-negotiable basis, with full knowledge of the time-critical nature of the deconversion from Defendant and conversion to Jack Henry, and the necessity of going forward as planned; and because of the harshness of the terms of the Substitute Agreement vis-à-vis the Agreement, which compelled Jefferson Bank to accept fewer services at a substantially inflated price.

27. The Substitute Agreement is invalid and unenforceable because Defendant, for the reasons stated above in paragraphs 24, 25 and 26, breached its contractual duty under the Agreement of good faith and fair dealing in its performance and enforcement.

28. As a direct result of Defendant's breach of the Agreement, Defendant was damaged in the amount of approximately $190,000.00, being the difference between the contract price under the Agreement and the inflated, unenforceable price under the Substitute Deconversion Agreement.

29. Despite demand having been made, Defendant has failed and refused, and continues to fail and refuse, to remit to Jefferson Bank the amount of its damages incurred as a result of Defendant's breach of the Agreement in the amount of approximately $190,000.00.

8

30. Jefferson Bank has performed all of its obligations required by it to be performed under the Agreement.

WHEREFORE Plaintiff, Jefferson Bank, prays that the Court make and enter its judgment herein against Defendants Open Solutions, Inc., Open Solutions, LLC and Fiserv, Inc., jointly and severally, for its damages in such amount as will be demonstrated to the Court at trial, for its attorney's fees and costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II

### (Declaratory Judgment)

31. Jefferson Bank here asserts and incorporates by reference as if fully set out its allegations in paragraphs 1 through 30 as and for this paragraph 31 of Count II.

32. A controversy exists between the parties concerning their respective rights and obligations under the Agreement and Addendum, as amended, and the enforceability of the Substitute Agreement, and the right of Jefferson Bank to receive payment of the amount of approximately $190,000.00, being the difference between the contract price under the Agreement and Addendum and the inflated price under the unenforceable Substitute Agreement.

33. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations and liabilities that exist between the parties in connection with the Agreement and Addendum, as amended, and the Substitute Agreement.

WHEREFORE, Jefferson Bank prays that the Court make and enter its Order and Judgment declaring that the Agreement and Addendum, as amended, governed the rights and obligations of the parties with respect to deconversion services and the charges therefor; that the Substitute Agreement is unenforceable and of no force or effect; that Jefferson Bank has the right to receive payment of the difference between the contract price under the Agreement and the Addendum, as amended, and the inflated price paid under the unenforceable Substitute Agreement; that Jefferson Bank be awarded its attorney's fees and costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III

### (Unjust Enrichment)

34.     Jefferson Bank here asserts and incorporates by reference as if fully set out its allegations in paragraphs 1 through 33 as and for his paragraph 34 of Count III.

35.     Jefferson Bank paid $250,000.00 to Defendant for deconversion services, even though contractually, under the terms of the Agreement, it was required to pay Defendant only approximately $60,000.00, thereby benefiting Defendant in the amount of approximately $190,000.00.

36.     Defendant knew of this benefit, was made aware of the benefit by Jefferson Bank and acknowledged it, and, nevertheless, accepted and retained the benefit under circumstances in which its retention without its payment to Jefferson Bank would be unjust.

10

WHEREFORE Plaintiff, Jefferson Bank, prays that the Court make and enter its Order and Judgment herein, against Defendants Open Solutions, Inc., Open Solutions, LLC and Fiserv, Inc., jointly and severally, that they pay to Jefferson Bank the amount of the benefit bestowed in such amount as will be demonstrated to the Court at trial; that Jefferson Bank be awarded its attorney's fees and costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

KILO, FLYNN, BILLINGSLEY,
TRAME & BROWN, P.C.


By:     _____
       JOHN A. KILO     #21674
       H. CLAY BILLINGSLEY     #26758
       Attorneys for Plaintiff
       Jefferson Bank and Trust Company
       5840 Oakland Avenue
       St. Louis, Missouri 63110
       Telephone:   314-647-8910
       Facsimile:   314-647-3134
       E-mail:    hcb@kiloflynn.com
                  jkilo@kiloflynn.com

11

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.  However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.  These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the partes.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

(3) **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

(4) **Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

(5) **Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

SECRETARY OF THE STATE OF CONNECTICUT
30 TRINITY STREET
P.O. BOX 150470
HARTFORD, CT 06115-0470

NOTICE OF SERVICE OF PROCESS

04/30/2014
OPEN SOLUTIONS INC.
ATTN: GENERAL COUNSEL,
PO BOX 979,
BROOKFIELD, WI 53045

            Re: JEFFERSON BANK AND TRUST                V. OPEN SOLUTIONS INC
                COMPANY

To whom it may concern:

Legal process has been served on the Secretary of The State of Connecticut as the Statutory Agent for Service of
Process for

            OPEN SOLUTIONS INC.

in the above referenced matter. Enclosed is a copy of the submission to this office.

Sincerely,
Susan Bysiewicz
Secretary of the State of Connecticut

By:    CARMEN RODRIGUEZ
       Application Analyst
       860-509-6003

Case #:    0000231115    A 001

Mail Number:   7008 1830 0000 8331 4897

Enc.



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>ROBERT S COHEN | Case Number: 14SL-CC00976 |
|---|---|
| Plaintiff/Petitioner:<br>JEFFERSON BANK AND TRUST COMPANY<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN A. KILO<br>5840 OAKLAND AVE<br>ST LOUIS, MO 63110 |
| Defendant/Respondent:<br>OPEN SOLUTIONS INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Breach of Contract | 7900 CARONDELET AVE<br>CLAYTON, MO 63105 |

**SECRETARY OF THE STATE**

**APR 3 0 2014**

**RECEIVED**

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **OPEN SOLUTIONS INC**
Alias:

50 WESTON STREET
HARTFORD, CT 06120

SERVE: CORPORATE SERVICE COMPANY

*COURT SEAL OF*

*ST. LOUIS COUNTY*

   You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

<u>11-APR-2014</u>
Date
Further Information:
CNM

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
*(Seal)*            ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

ATTEST
A TRUE COPY
ROLAND MAILLOUX
CONNECTICUT MARSHAL
HARTFORD COUNTY

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

RECEIVED AND FILED
CIRCUIT COURT OF
ST LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

2014 MAY 19  PM 3: 13

STATE OF MISSOURI

JOHN M. GILMER
CIRCUIT CLERK

| | |
|---|---|
| JEFFERSON BANK AND TRUST, COMPANY, a Missouri Banking Corporation,     *Plaintiff,* | ) ) ) ) |
| v. | )   Case No. 14SL-CC00976 ) |
| OPEN SOLUTIONS, INC., et al., | )   Division:    1 ) ) |
|     *Defendants.* | ) |

## ENTRY OF APPEARANCE

Robert F. Epperson, Jr. and Michael J. Kuhn hereby enter their appearance as counsel on behalf of Defendants Open Solutions, Inc., Open Solutions, LLC, and Fiserv, Inc.

Dated:  May 19, 2014

Respectfully submitted,

By: _____
Robert F. Epperson, Jr. #46430
repperson@dowdbennett.com
Michael J. Kuhn, #58936
mkuhn@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth, Suite 1900
Clayton, MO  63105
Telephone:  (314) 889-7300
Facsimile:  (314) 863-2111

**ATTORNEYS FOR DEFENDANTS OPEN
SOLUTIONS, INC. OPEN SOLUTIONS, LLC,
AND FISERV, INC.**

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was forwarded this 19th day of May, 2014 via U.S. Mail to:

John A. Kilo and H. Clay Billingsley, Kilo, Flynn, Billingsley, Trame & Brown, P.C., 5840

Oakland Avenue, St. Louis, Missouri 63110.

RECEIVED AND FILED
CIRCUIT COURT OF
ST LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

2014 MAY 19 PM 3: 13

STATE OF MISSOURI

JOAN M. GILMER
CIRCUIT CLERK

JEFFERSON BANK AND TRUST,          )
COMPANY, a Missouri Banking Corporation,   )
                                   )
          *Plaintiff*,             )
                                   )
v.                                 )          Case No. 14SL-CC00976
                                   )
OPEN SOLUTIONS, INC., et al.,      )          Division:       1
                                   )
          *Defendants*.            )

## CONSENT MOTION FOR EXTENSION
## OF TIME TO ANSWER OR OTHERWISE PLEAD

Defendants Open Solutions, Inc., Open Solutions, LLC and Fiserv, Inc. ("Defendants"), by and through counsel, for their Consent Motion for Extension of Time to Answer or Otherwise Plead state as follows:

1.     Plaintiff Jefferson Bank and Trust Company filed its Petition on March 26, 2014.

2.     Defendant Open Solutions, Inc. was served on April 30, 2014.  Defendant Open Solutions, LLC was served on May 2, 2014.

3.     The Defendants request additional time, up to and including July 2, 2014, to answer or otherwise respond to Plaintiff's Petition.

4.     Counsel for Plaintiff has consented to Defendants' request.

WHEREFORE, Defendants respectfully request that their Consent Motion be granted and that the time for answering or otherwise responding to the Petition be extended to July 2, 2014.

Dated:  May 19, 2014                    Respectfully submitted,


                                        By:
                                        Robert F. Epperson, Jr., #46430
                                        repperson@dowdbennett.com
                                        Michael J. Kuhn, #58936
                                        mkuhn@dowdbennett.com
                                        DOWD BENNETT LLP
                                        7733 Forsyth, Suite 1900
                                        Clayton, MO  63105
                                        Telephone:  (314) 889-7300
                                        Facsimile:  (314) 863-2111


                                        **ATTORNEYS FOR DEFENDANTS OPEN
                                        SOLUTIONS, INC., OPEN SOLUTIONS, LLC
                                        AND FISERV, INC.**


            SO ORDERED:  _____


                                        2

## CERTIFICATE OF SERVICE

A copy of the foregoing was forwarded this 19th day of May, 2014 via U.S. Mail to: John A. Kilo and H. Clay Billingsley, Kilo, Flynn, Billingsley, Trame & Brown, P.C., 5840 Oakland Avenue, St. Louis, Missouri  63110.

3

RECEIVED AND FILED
CIRCUIT COURT OF
ST LOUIS COUNTY

2014 MAY 19 PH 3: 13

JOAN M. GILMER
CIRCUIT CLERK

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY

STATE OF MISSOURI

| | | |
|---|---|---|
| JEFFERSON BANK AND TRUST, | ) | |
| COMPANY, a Missouri Banking Corporation, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 14SL-CC00976 |
| v. | ) | |
| | ) | Division:      1 |
| OPEN SOLUTIONS, INC., et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**CONSENT MOTION FOR EXTENSION
OF TIME TO ANSWER OR OTHERWISE PLEAD**

Defendants Open Solutions, Inc., Open Solutions, LLC and Fiserv, Inc. ("Defendants"),

by and through counsel, for their Consent Motion for Extension of Time to Answer or Otherwise

Plead state as follows:

1.      Plaintiff Jefferson Bank and Trust Company filed its Petition on March 26, 2014.

2.      Defendant Open Solutions, Inc. was served on April 30, 2014.  Defendant Open

Solutions, LLC was served on May 2, 2014.

3.      The Defendants request additional time, up to and including July 2, 2014, to

answer or otherwise respond to Plaintiff's Petition.

4.      Counsel for Plaintiff has consented to Defendants' request.

WHEREFORE, Defendants respectfully request that their Consent Motion be granted and

that the time for answering or otherwise responding to the Petition be extended to July 2, 2014.

Dated:  May 19, 2014

Respectfully submitted,

By:

Robert F. Epperson, Jr., #46430
repperson@dowdbennett.com
Michael J. Kuhn, #58936
mkuhn@dowdbennett.com
DOWD BENNETT LLP
7733 Forsyth, Suite 1900
Clayton, MO  63105
Telephone:  (314) 889-7300
Facsimile:  (314) 863-2111

**ATTORNEYS FOR DEFENDANTS OPEN
SOLUTIONS, INC., OPEN SOLUTIONS, LLC
AND FISERV, INC.**

So Ordered:

5/28/2014

2

## CERTIFICATE OF SERVICE

A copy of the foregoing was forwarded this 19th day of May, 2014 via U.S. Mail to:

John A. Kilo and H. Clay Billingsley, Kilo, Flynn, Billingsley, Trame & Brown, P.C., 5840

Oakland Avenue, St. Louis, Missouri  63110.